UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– against –

WIGBERTO VIERA, a/k/a Roberto, a/k/a "Wiz," et al.,

Defendants.

**ORDER**

14-cr-83 (ER)

Ramos, D.J.:

Wigberto Viera was convicted after trial for his participation in what he believed to be the armed robbery of drug dealers of in excess of 20 kilograms of cocaine and heroin. In fact, the attempted robbery was part of a "reverse sting" engineered by the Drug Enforcement Administration ("DEA") working with a cooperating individual, Jose Rodriguez, who had previously spent time in prison with Viera. After three in-person meetings between, among others, Viera and Rodriguez, which were surveilled and recorded by law enforcement, and numerous telephone calls between Viera and Rodriguez, most of which were recorded, the "robbery" was scheduled to take place in Manhattan on January 8, 2014. Viera and his co-defendants[1] were arrested when they appeared at the appointed meeting place and drove to the location where they believed a van loaded with narcotics would be found.

Viera was subsequently charged in an indictment with three counts: Count One, conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); Count Two, conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951; and Count Three,

[1] Present with Viera at the time of the robbery were co-defendants Louie Santiago, Eduardo DeJesus, Ernesto Colon and Eva Figueroa. Santiago testified against Viera at trial pursuant to a cooperation agreement with the government. DeJesus, Colon and Figueroa also pleaded guilty but did not cooperate.

possession of a firearm during a crime of violence and narcotics trafficking offense in violation of 18 U.S.C. § 921(c)(1)(A)(i). He was convicted after a trial, during which he interposed an entrapment defense. On February 20, 2020, he was sentenced to 15 years imprisonment, the minimum sentence allowed by the statutes of conviction. Specifically, he was sentenced to the mandatory minimum sentence of 10 years on Count One, 10 years on Count Two to be served concurrently with Count One, and a mandatory five-year sentence on Count Three that is required to be served consecutively to the other two counts.

Post-trial, by letter motion dated August 29, 2019, Viera's counsel moved to vacate his §924(c) conviction under the Supreme Court's decision in *United States v. Davis*, 19 S.Ct. 2319 (2019). Doc. 185. For the reasons set forth below, the motion is denied.

## DISCUSSION

In a companion Opinion and Order issued today, Doc. 212, the Court detailed the factual background leading to the arrest and prosecution of Viera. Familiarity with that Opinion is presumed. For purposes of the instant motion, the Court notes that the verdict form utilized by the jury did not specify whether its finding of guilt on the §924(c) charge was premised on the narcotics trafficking charge or the Hobbs Act conspiracy charge, or both. Because the jury was not required to so specify, Viera argues that conviction on gun count potentially rests on a legally erroneous basis, that is, the Hobbs Act conspiracy charge, and must be vacated pursuant to *Yates v. United States*, 354 U.S. 298 (1957). In *Yates*, which involved a twin-object conspiracy, the Supreme Court held that a general verdict must be set aside if it "is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected." *Id.* at 312.

In the aftermath of *Davis*, it is of course true that the Hobbs Act conspiracy charge cannot serve as a predicate offense. However, the § 924(c) conviction here is not subject to vacatur because it is also premised on the still-valid drug trafficking offense charged in Count One.

"A *Yates* concern arises" only when "'it is impossible to tell which ground the jury selected,' the legally sufficient ground or the insufficient one." *United States v. Agrawal*, 726 F.3d 235, 250 (2d Cir. 2013) (quoting *Yates*, 354 U.S. at 312). However, the Second Circuit has recognized that even in some cases with general verdicts, "it is not 'impossible to tell'" which ground the jury selected, and there is no *Yates* concern if the jury would have "necessarily found" the valid ground in order to rely on the invalid ground. *United States v. Zvi*, 168 F.3d 49, 55-56 (2d Cir. 1999); *see also United States v. Coppola*, 671 F.3d 220, 237-38 (2d Cir. 2012) (*Yates* error is harmless if "the jury necessarily would have had to" find defendant guilty of the valid ground). Thus, for example, the Second Circuit has affirmed a conviction even upon the invalidation of one or racketeering predicate acts. *United States v. Brennan*, 867 F.2d 111, 114-16 (2d Cir. 1989).

The Second Circuit's decision in *United States v. Vasquez*, 672 F. App'x 56 (2d Cir. 2016), is particularly instructive. In *Vasquez*, as here, the defendant was convicted of, among other charges, a narcotics conspiracy, a Hobbs Act robbery conspiracy, and § 924(c) offense predicated on both the narcotics and Hobbs Act robbery conspiracies. *Id.* at 57-58, 60. Like Viera, the defendant argued that because the Hobbs Act robbery conspiracy could no longer serve as a predicate offense, his § 924(c) conviction could not be affirmed on the basis of the narcotics predicate in light of *Yates*. *Id.* at 60. The Second Circuit affirmed the conviction. In so doing, it noted that "[e]ven if Hobbs Act robbery were not a categorical crime of violence, Vasquez's § 924(c) convictions are clearly supported by a narcotics predicate presenting no legal concern." *Id.* at 61. The Circuit concluded that "there was no possibility that the jury's § 924(c) verdict rested *only* on a Hobbs Act robbery predicate because (1) the robbery was an act inextricably intertwined with and,

indeed, in furtherance of the charged narcotics conspiracy, *and* (2) the jury found that narcotics conspiracy proved beyond a reasonable doubt." *Id*. So too here, the drug trafficking charge is inextricably intertwined with the Hobbs Act charge, as the entire purpose of the Hobbs Act conspiracy was to distribute narcotics. *See* Doc. 212 at pp. 3-6. Under these circumstances, there is no basis to overturn the firearms conviction. *See, Vasquez*, 672 F. App'x at 61("[T]he record shows . . . that the robbery scheme was presented as a part of the proved narcotics scheme.")

**CONCLUSION**

For the reasons set forth above, Viera's letter motion is DENIED.

It is SO ORDERED.

Dated: April 8, 2021
New York, New York

Edgardo Ramos, U.S.D.J.